IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
WINCHESTER DIVISION

**KENNETH MORTON,** Individually,
and on behalf of himself and others
similarly situated,

Plaintiff,

v.                                                    Case No. _____

**DOCTOR APPLIANCE, LLC** and
**JONATHAN LIEBOVITCH,** Individually

Defendants.                                           FLSA Multi-Plaintiff Action
                                                      **JURY DEMANDED**

## ORIGINAL FLSA MULTI-PLAINTIFF ACTION COMPLAINT

Kenneth Morton ("Plaintiff"), individually, and on behalf of himself and other similarly situated current and former repair techs, brings this Fair Labor Standards Act ("FLSA") multi-plaintiff action against Doctor Appliance, LLC and Jonathan Liebovitch, individually ("Defendants) and alleges as follows:

### I.   NATURE OF SUIT

1.  The FLSA was passed by Congress in 1938 to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate

1

at which he is employed." *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207 (a)).

2. Defendants violated the FLSA by failing to pay Plaintiff and those similarly situated for all hours worked over 40 per week within weekly pay periods at the rate of one and one-half times their regular hourly rates of pay.

3. This lawsuit is brought against Defendants as a multi-plaintiff action under the FLSA, 29 U.S.C. § 201, *et seq.,* to recover unpaid overtime compensation owed to Plaintiff and other similarly situated repair techs who are members of an FLSA multi-plaintiff action as defined herein and currently or previously employed by Defendants during all times material.

## II. JURISDICTION AND VENUE

4. The FLSA authorizes court actions by private parties to recover damages for violations of the FLSA's wage and hour provisions. Jurisdiction over Plaintiff's FLSA claims are based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331, and are brought to recover unpaid back wages, an additional equal amount as liquidated damages, and reasonable attorney's fees and costs.

5. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Plaintiff was employed by and performed work for Defendants in this district during all time material to this action. In addition, Defendants headquarters are located in this district and they have conducted and continue to conduct business in this district during all times material.

## III. PARTIES

6. Plaintiff Kenneth Morton is an adult citizen of the United States and was

employed as a repair tech by Defendants in this district during all times relevant to this action. Plaintiff Morton's "Consent to Join" is attached as *Exhibit A*.

7. Defendant, Doctor Appliance, LLC, is a Tennessee limited liability company with its principal address listed as 9185 Tullahoma Highway, Estil Springs, Tennessee 37330. Its registered agent for service of process is Shaynavera Liebovitch, 90 Lake Lane, Winchester, Tennessee.

8. Defendant Jonathan Liebovitch is a principal owner of Doctor Appliance, LLC. He can be served process at 9185 Tullahoma Highway, Estil Springs, Tennessee 37330.

9. Defendant Jonathan Liebovitch has been responsible for the implementation and administration of the company's pay policies and practices during all times material to this action.

10. As such, he is jointly liable to Plaintiff and those similarly situated for all FLSA violations addressed herein.

## IV.    COVERAGE

11. Defendants have been the "employer" of Plaintiff and those similarly situated within the meaning of 29 U.S.C. § 203(d) of the FLSA during all times material to this action.

12. During all time material, Defendants have earned more than $500,000.00 per year in gross sales.

13. Defendants have employed two or more employees who handled goods, materials and supplies that travelled in interstate commerce during all times material.

3

14. In addition, Plaintiff and those similarly situated have also engaged in interstate commerce on behalf of Defendants during all times material.

15. Therefore, Defendants are an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

## V. FACTUAL ALLEGATIONS

16. Defendants own and operate an appliance repair business in the Tullahoma, Tennessee area. (Plaintiff was employed by Defendants and repaired appliances on behalf of them in the Tullahoma, Tennessee area during all times relevant.)

17. Plaintiff and other similarly situated repair techs were classified as exempt from receiving overtime compensation.

18. However, Plaintiff and those similarly situated did not qualify as exempt employees from receiving overtime compensation under the FLSA.

19. The primary work duties and activities of Plaintiff and those similarly situated were to repair appliances for Defendants' customers.

20. Therefore, they did not qualify as exempt from overtime compensation under the FLSA.

21. Moreover, even though Plaintiff and those similarly situated were paid on a salary basis, Defendants did not meet the salary test to qualify for any overtime exemption regarding them under the FLSA because Defendants had a common policy and practice of "docking" their weekly pay for missing any hours of work within a weekly pay period, irrespective of the reason for missing such work. (Plaintiff's pay was reduced ("docked") within weekly pay periods during all times material for missing hours of work).

22. Plaintiff and those similarly situated routinely performed work for Defendants more than 40 hours per week within weekly pay periods during all times material to this action, without being paid overtime compensation for their overtime hours within weekly pay periods at the applicable FLSA overtime compensation rates of pay.

23. Defendants knew, and were aware at all relevant times, they were not compensating Plaintiff and those similarly situated for all their overtime hours at the applicable FLSA overtime compensation rates of pay within weekly pay periods during all times material to this action.

24. Defendants willfully and, with reckless disregard to established FLSA overtime provisions, failed to pay Plaintiff and those similarly situated the applicable overtime compensation rates of pay owed them within weekly pay periods during all times relevant herein.

25. Defendants do not have a good faith basis for their violations of the FLSA.

26. Defendants failed to keep timely and accurate pay records of Plaintiff and those similarly situated.

27. As a result of Defendants' willful failure to pay Plaintiff and those similarly situated in compliance with the overtime requirements of the FLSA, they have suffered lost wages in terms of lost overtime compensation, as well as having suffered other damages.

28. Defendants' scheme of failing to compensate Plaintiff and similarly situated employees for all their compensable overtime wages was to save payroll costs and payroll taxes, all for which they have unjustly enriched themselves and

5

Case 4:24-cv-00049-TRM-MJD    Document 1    Filed 06/26/24    Page 5 of 10    PageID #: 5

enjoyed ill gained profits at the expense of Plaintiff and those similarly situated.

## VI.  MULTI-PLAINTIFF ALLEGATIONS

29. Plaintiff brings this action on behalf of himself and potential plaintiffs as a multi-plaintiff action pursuant to the FLSA, 29 U.S.C. §§ 206, 207, and 216(b).

30. More specifically, Plaintiff brings this action on behalf of himself and the following similarly situated persons:

> All individuals who were employed by Defendants as repair techs and who performed work for Defendants anywhere in the United States at any time during the applicable statutory period covered by this multi-plaintiff Complaint, up to and including the date of final judgment in this matter, and who is the Named Plaintiff and those who choose to join this action pursuant to 29 U.S.C. § 216(b). (Collectively, "potential plaintiffs").

31. The claims under the FLSA may be pursued by those who elect to join this action under 29 U.S.C. § 216(b).

32. The claims of Plaintiffs are typical of the claims of potential plaintiffs to this action.

33. Plaintiff and potential plaintiffs to this action are similarly situated in that they were subjected to Defendants' common plan, policy and practice of failing to pay them all their compensable overtime hours at the applicable FLSA overtime compensation rates of pay within weekly pay periods during all times material to this lawsuit, as previously described.

34. Plaintiff and potential plaintiffs also are similarly situated because they have been deprived of the applicable FLSA overtime compensation owed them as a result of Defendants' unlawful policies and practices.

35. In addition, Plaintiff and potential plaintiffs to this action also are similarly situated in that their unpaid overtime claims are unified through a common a theory of Defendants' FLSA violations

36. Plaintiff will fairly and adequately protect the interests of potential plaintiffs to this action as his interests are aligned with the interest of such potential plaintiffs.

37. Plaintiff has no interests adverse to the interest of potential plaintiffs to this action.

38. Plaintiff has retained competent counsel who are experienced in multi-plaintiff action litigation.

39. The multi-plaintiff action mechanism is superior to the other available methods for a fair and efficient adjudication of this controversy. The expenses, costs, and burden of litigation suffered by individual plaintiffs in a multi-plaintiff action are relatively small in comparison to the expenses, costs, and burden of the litigation of individual actions, making it virtually impossible for plaintiffs to individually seek redress for the wrongs done to them.

40. Plaintiff and potential plaintiffs to this action have suffered and will continue to suffer irreparable damage from the unlawful pay policies and practices implemented and administered by Defendants.

## COUNT I
## **FAIR LABOR STANDARDS ACT VIOLATIONS**

41. Plaintiff, on behalf of himself and potential plaintiffs to this action, repeats and re-alleges the previous paragraphs as if fully written herein.

42. At all times relevant herein, Defendants have been and continue to be an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 206(a) and 207(a).

43. Defendants' failure to pay Plaintiff and potential plaintiffs to this action for all hours worked in excess of 40 hours per week within weekly pay periods at the applicable FLSA overtime compensation rates of pay has violated the FLSA, as previously described.

44. During the relevant time period herein, Defendants' common plan, policy and practice of willfully failing to pay Plaintiff and potential plaintiffs the applicable FLSA overtime compensation rates of pay owed them has resulted in their unpaid wage claims being unified through a common theory of Defendants' FLSA violations.

45. Defendants had actual knowledge of refusing to pay Plaintiff and potential plaintiffs for all the applicable FLSA overtime compensation to which they are entitled, during all times material to this action.

46. Defendants' FLSA violations were willful with reckless disregard to clearly established FLSA overtime compensation requirements.

47. Defendants' FLSA violations were without a good faith basis.

48. Plaintiff and potential plaintiffs are therefore entitled, and hereby seek, to recover compensation from Defendants for unpaid overtime compensation as required by the FLSA, and an additional amount as liquidated damages, together with interest, costs, and reasonable attorney's fees.

# **PRAYER FOR RELIEF**

Wherefore, Plaintiff, individually, and on behalf of himself and potential plaintiffs to this FLSA multi-plaintiff action requests this Court to grant the following relief against said Defendants:

A. Promptly facilitate notices pursuant to 29 U.S.C. § 216(b), apprising potential plaintiffs of the pendency of this action and permitting such potential members to assert timely FLSA claims in this action by filing individual Consents under 29 U.S.C. § 216(b);

B. An award of compensation for unpaid overtime to Plaintiff and potential plaintiffs who join this action;

C. An award of liquidated damages to Plaintiff and potential plaintiffs who join this action; or in the alternative, an award of prejudgment interest;

D. An award of post-judgment interest at the applicable legal rate to Plaintiff and potential plaintiffs who join this action;

E. An award of costs, expenses, and disbursements relating to this action together with reasonable attorneys' fees and expert fees to Plaintiff and potential plaintiffs who join this action;

F. A ruling that the three-year statutory period for willful violations under the FLSA shall apply in this action; and

G. Such other general and specific relief as this Court deems just and proper.

**JURY TRIAL DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues so triable.

Dated: June 26, 2024.                    Respectfully Submitted,

                                                          *s/J.Russ Bryant*
Gordon E. Jackson (TN BPR #8323)
J. Russ Bryant (TN BPR #33830)
J. Joseph Leatherwood IV (TN BPR #39490)
Joshua Autry (TN BPR #41423)
**JACKSON, SHIELDS, YEISER, HOLT OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*gjackson@jsyc.com*
*jbryant@jsyc.com*
*jleatherwood @jsyc.com*
*jautry@jsyc.com*

***ATTORNEYS FOR PLAINTIFF AND FOR OTHERS SIMILARLY SITUATED***

10

Case 4:24-cv-00049-TRM-MJD   Document 1   Filed 06/26/24   Page 10 of 10   PageID #: 10